[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a complaint for a corporate dissolution. The parties appeared before the court and evidence was taken; exhibits were entered into evidence; and briefs were filed. In rendering its decision the court has taken into consideration all of those factors.
The court finds that the plaintiff Albert R. Chance is a resident of the State of New York and a shareholder of Norwalk Fast Oil, Inc. ("The corporation"). Incorporated under the laws of the State of Connecticut, the corporation's principal office is located in Norwalk. The defendant Richard Kosminoff is a resident of the State of New York and a 40% shareholder of the corporation. Seymour Epstein and Morris Epstein are residents of the State of New York and are shareholders of the corporation owning 10% each.
The court finds there is jurisdiction under Connecticut General Statutes § 33-896b to entertain this matter. Further, the court finds that the shareholders of the corporation are deadlocked in voting power for the election of directors and, for that reason, have been unable to elect successors to directors whose terms normally would have expired upon the election of their successors, all as defined by Connecticut General Statutes § 33-896(b)(2)(B). Thus, the court finds there is sufficient cause to dissolve the corporation and wind up its affairs.
Attorney Mark Rubenstein testified in the case, indicating that in 1990 he prepared minutes and waivers that were sent to the shareholders other than Mr. Chance who had in fact signed them and they were not returned. The same took place in 1991. At one point in the dispute between the parties, they prepared numerous documents to resolve the dispute. Although a closing in CT Page 3549 1994 was scheduled, the closing never took place.
Albert Chance, owner of 40% of the corporation, testified that in his opinion the shareholders are deadlocked. Both Mr. Chance and Mr. Kosminoff have 50% of the voting rights. So effectively, the voting takes place by Mr. Kosminoff and Mr. Chance each casting their votes. Exhibit #1 was the Certificate of Incorporation, Exhibit #2 was the Agreement between the shareholders. In Paragraph 5 of Exhibit #2, it is provided that Seymour Epstein and Morris Espstein transferred to Mr. Chance and Mr. Kosminoff jointly the rights to vote the Epstein shares. On April 22, 1997, Mr. Chance as president, called a meeting of the shareholders to take place on May 1, 1997 at 11:OO a.m. Exhibit #3, Notice of Special Meeting, provides that the purpose of this special meeting was to elect directors. At that meeting the slate of directors submitted by Mr. Chance was defeated as was the slate of directors submitted by Mr. Kosminoff. Thereafter, Mr. Chance suggested pursuant to Paragraph 6 of the Agreement ("the stalemate provision") that Howard M. Rosenkrantz of Westport be appointed to break the stalemate on the issue of the appointment of directors. This was rejected by Mr. Kosminoff. Exhibit #4, Letter from Mr. Chance, showed the suggestion of Mr. Rosenkrantz. On May 5, 1997 in , Exhibit #5, letter from Mr. Kosminoff, Mr. Kosminoff suggested he needed more information concerning Mr. Rosenkrantz. By Exhibit #6, Letter from Mr. Chance dated May 16, Mr. Chance explained who Howard Rosenkrantz was. In Exhibit #7, Letter from Mr. Lapine to Mr. Medina, Mr. Lapine responds for Mr. Kosminoff dated June 2, 1997 and suggests former Judge Nicholas Cioffi to act as the third person.
The court finds there have been no productive discussions concerning resolution of the stalemate subsequently. In fact, the testimony from Mr. Chance is that the parties do not talk anymore. In fact, there is other litigation pending between the parties. In one case an Attorney Trial Referee rendered a decision against Mr. Chance as he described it.
Richard Kosminoff testified and indicates that he believes they can find a third party to break the stalemate. Despite this statement, they have not found someone. He really has no factual foundation for the source of that belief. Morris Epstein and Seymour Epstein testified and basically indicated they did not want the corporation dissolved.
The court finds the defendants have not proven by a fair CT Page 3550 preponderance of the evidence that the plaintiff is estopped or waived his rights to seek a dissolution of the corporation alleged in the special defenses.
This court does not read the stalemate provision as a condition precedent to a court action. The stalemate provision is clearly not an unequivocal waiver of the plaintiff's statutory rights.
Section 33-896(b) provides, in relevant part, "The Superior Court for the Judicial District where the corporation's principal office. . . is located shall dissolve a corporation: . . . (2) In a proceeding by a shareholder. . . when it is established that. . . the (B) shareholders are deadlocked in voting power for the election of directors and for that reason have been unable at the next preceding meeting to elect successors to directors whose terms would normally have expired upon the election of their successors."
This court finds that the directors' terms expired and that no new directors have been elected. This court finds that based on the mandatory language of this statute, the court must dissolve the corporation. Accordingly, pursuant to § 33-899, the court enters a decree dissolving the corporation with the effective date of dissolution April 15, 1998.
The Clerk of the Court shall deliver a copy of such decree to the Secretary of State who shall file it.
Furthermore, the court enters orders that the winding up and liquidation of the corporation's business and affairs shall be done pursuant to Connecticut General Statutes § 33-884, and claimants shall be notified in accordance with §§ 33-886 and33-887.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of March, 1997.
KARAZIN, J.